UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PAOLA OVIEDO, | § | |
| | § | |
|     *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-12-872 |
| | § | |
| THE UNITED STATES OF AMERICA | § | |
| | § | |
|     *Defendant*. | § | |

## ORDER

Pending before the court is defendant's motion to substitute and dismiss (Dkt. 2), and plaintiff's motion to reconsider (Dkt. 3). Upon consideration of the motions, the responses, and the applicable law, the plaintiff's motion is DENIED and the defendant's motion to substitute and dismiss is GRANTED. This case is DISMISSED without prejudice for lack of jurisdiction.

### I. BACKGROUND

This case makes its second appearance in federal court, taking an unusual route. Plaintiff Paola Oviedo ("Oviedo") brought suit in state court for medical malpractice against originally named defendants Gregg M. Hallbauer ("Hallbauer") and Ryan Jennings ("Jennings"), among others. Dkt. 2-5. Hallbauer and Jennings did not answer and the state court eventually granted default judgment for Oviedo against Hallbauer and Jennings. Dkt. 1-8. After the entry of the default judgment, the United States made an appearance in the state court action, filing a motion for new trial asserting that Hallbauer and Jennings were deemed federal employees and could, therefore, only be sued under the Federal Torts Claims Act, 28 U.S.C. §§ 1346(b), 2671 *et seq*. Dkt. 2-10 The state court never ruled on the motion and by operation of law, the default judgment became final. TEX.

R. Civ. P. 329b(c). The United States allowed the period of time for appeal to elapse and the state court's default judgment became an unappealable final judgment. Tex. R. App. P. 26.1(a)(1); Tex. R. Civ. P. 329b(e).

The United States then removed the case to federal court. Dkt. 2-12. There it argued that since Hallbauer and Jennings were federal employees, the United States was the proper defendant. Dkt. 2-13. Additionally, it argued that the FTCA governed the case, that the state court's default judgment should be set aside, and the case dismissed because Oviedo had failed to exhaust her administrative remedies. *Id.* The District Court granted the motions, substituted the United States as a party, set aside the default judgment, and granted the motion to dismiss. *Id.* Oviedo appealed.

The Fifth Circuit reversed the district court, holding that a case that was final and unappealable could not be removed because, in effect, there was no case. *Oviedo v. Hallbauer*, 655 F.3d 419, 423–24 (5th Cir. 2011). In a footnote, the Court noted that the United States had another avenue left for attacking the default judgment—filing a bill of review in the state court pursuant to Rule 329(f) of the Texas Rules of Civil Procedure. *Id.* at 424 n.6. The United States took the hint and filed a bill of review with the state court. Dkt. 2-17. The state court granted the bill of review and vacated the default judgment. *Id.* Having essentially reset the case, the United States again removed the case to federal court. Dkt. 1. It has filed a motion to substitute the United States for defendants and dismiss for failure to exhaust administrative remedies. Dkt. 2. Plaintiff did not respond to the motion. Instead Oviedo filed a motion for reconsideration, asking this court to vacate the state court's order granting the bill of review. Dkt. 3.

R. Civ. P. 329b(c). The United States allowed the period of time for appeal to elapse and the state court's default judgment became an unappealable final judgment. Tex. R. App. P. 26.1(a)(1); Tex. R. Civ. P. 329b(e).

The United States then removed the case to federal court. Dkt. 2-12. There it argued that since Hallbauer and Jennings were federal employees, the United States was the proper defendant. Dkt. 2-13. Additionally, it argued that the FTCA governed the case, that the state court's default judgment should be set aside, and the case dismissed because Oviedo had failed to exhaust her administrative remedies. *Id.* The District Court granted the motions, substituted the United States as a party, set aside the default judgment, and granted the motion to dismiss. *Id.* Oviedo appealed.

The Fifth Circuit reversed the district court, holding that a case that was final and unappealable could not be removed because, in effect, there was no case. *Oviedo v. Hallbauer*, 655 F.3d 419, 423–24 (5th Cir. 2011). In a footnote, the Court noted that the United States had another avenue left for attacking the default judgment—filing a bill of review in the state court pursuant to Rule 329(f) of the Texas Rules of Civil Procedure. *Id.* at 424 n.6. The United States took the hint and filed a bill of review with the state court. Dkt. 2-17. The state court granted the bill of review and vacated the default judgment. *Id.* Having essentially reset the case, the United States again removed the case to federal court. Dkt. 1. It has filed a motion to substitute the United States for defendants and dismiss for failure to exhaust administrative remedies. Dkt. 2. Plaintiff did not respond to the motion. Instead Oviedo filed a motion for reconsideration, asking this court to vacate the state court's order granting the bill of review. Dkt. 3.

R. Civ. P. 329b(c). The United States allowed the period of time for appeal to elapse and the state court's default judgment became an unappealable final judgment. Tex. R. App. P. 26.1(a)(1); Tex. R. Civ. P. 329b(e).

The United States then removed the case to federal court. Dkt. 2-12. There it argued that since Hallbauer and Jennings were federal employees, the United States was the proper defendant. Dkt. 2-13. Additionally, it argued that the FTCA governed the case, that the state court's default judgment should be set aside, and the case dismissed because Oviedo had failed to exhaust her administrative remedies. *Id.* The District Court granted the motions, substituted the United States as a party, set aside the default judgment, and granted the motion to dismiss. *Id.* Oviedo appealed.

The Fifth Circuit reversed the district court, holding that a case that was final and unappealable could not be removed because, in effect, there was no case. *Oviedo v. Hallbauer*, 655 F.3d 419, 423–24 (5th Cir. 2011). In a footnote, the Court noted that the United States had another avenue left for attacking the default judgment—filing a bill of review in the state court pursuant to Rule 329(f) of the Texas Rules of Civil Procedure. *Id.* at 424 n.6. The United States took the hint and filed a bill of review with the state court. Dkt. 2-17. The state court granted the bill of review and vacated the default judgment. *Id.* Having essentially reset the case, the United States again removed the case to federal court. Dkt. 1. It has filed a motion to substitute the United States for defendants and dismiss for failure to exhaust administrative remedies. Dkt. 2. Plaintiff did not respond to the motion. Instead Oviedo filed a motion for reconsideration, asking this court to vacate the state court's order granting the bill of review. Dkt. 3.

## II. ANALYSIS

### A. Plaintiff's Motion for Reconsideration

"A bill of review is an independent equitable action brought by a party to a former action seeking to set aside a judgment, which is no longer appealable or subject to motion for new trial." *Baker v. Goldsmith*, 582 S.W. 2d 404, 406 (Tex. 1979). "Traditionally, a bill of review requires proof of three elements: (1) a meritorious defense, (2) that was not asserted due to fraud, accident, or wrongful act of an opponent or official mistake, (3) unmixed with any fault or negligence by the movant." *Ross v. Nat'l Ctr. for the Emp't of the Disabled*, 197 S.W. 3d 795, 797 (Tex. 2006). "[A] defendant who is not served with process is entitled to a bill of review without a further showing, because the Constitution discharges the first element, and lack of service establishes the second and third." *Id.*

Oviedo moves this court to set aside the state court's order on summary judgment in the bill of review case. However, that case is not before this court. The bill of review case is a separate case, with a separate case number. *Compare Gregg M. Hallbauer & Ryan Jennings v Paola Oviedo*, No. 11-12-13338-CV, (9th Dist. Mont. Cnty.) (bill of review case) *with Paola Oviedo v. CHCA Conroe, L.P. d/b/a Conroe Regional Medical Center* et al., No 09-04-03805-CV (9th Dist. Mont. Cnty.) (Oviedo's tort case and the case presently in front of this court). Therefore, Ovido's arguments regarding the ruling on the bill of exception must be directed through the appellate system in the state court.

Moreover, even if the case is before it, the court declines to overrule the state court decision. Defendants have a meritorious defense—the FTCA. *See Ross*, 197 S.W.3d at 797. The United States, the proper defendant in the case, was never served in the state court case. Either Oviedo did

3

not know that defendants were federal employees, making the failure to serve the proper defendant an accident, or she did know, making it fraud or a wrongful act. Both satisfy the second prong of the inquiry. And, the United States was not at fault or negligent in failing to appear because it was never served and did not learn of the case until after the default was issued. Arguably, the court need not analyze the three prongs because "a defendant who was not served with process is entitled to a bill of review without a further showing." *Id.* Accordingly, the plaintiff's motion is DENIED.

**B.     Defendants' Motion to Substitute**

"Section 2679 of the FTCA provides that a suit against the United States is the exclusive remedy for damages for injury or loss of property 'resulting from the negligent or wrongful conduct of any employee of the Government while acting within the scope of his office or employment.'" *McLaurin v. United States*, 392 F.3d 774, 777 (5th Cir. 2004) (quoting 28 U.S.C. § 2679(b)(1)). "The Federally Supported Health Centers Assistance Act of 1995 ("FSHCAA") extends FTCA coverage to employees of the Public Health Service ("PHS")." *Id.* "Under the FSHCAA, the PHS may deem employees of qualified and eligible community health care centers as government employees entitled to immunity under the FTCA." *Id.* (citing 42 U.S.C. § 233(g)(1)(A)). " Once the PHS deems an employee of a qualified community health care center to be a PHS employee, the employee enjoys absolute immunity from common law tort claims, and an injured party's exclusive remedy is against the government under the FTCA." *Id.*

The United States adduced evidence that Lone Star Community Health Center ("Lone Star") was deemed an employee of the Federal Government for the purposes of the FTCA at the time of the incident giving rise to the cause of action. Dkt. 2-1. Further, the United States has shown that defendants Hallbauer and Jennings were deemed employees of Lone Star during the relevant period

and, therefore, also employees of the Federal Government for the purposes of the FTCA. *Id.* And, the United States has certified that Hallbauer and Jennings were acting within the scope of their duties for the conduct alleged by the plaintiff. Dkt. 2-11. Section 2679(d)(1) of the FTCA states that

> Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant.

28 U.S.C. § 2679(d)(1). Accordingly, the motion to substitute is GRANTED, the United States of America is now the named defendant in the case, and the plaintiff's claims against Hallbauer and Jennings are DISMISSED.

### C. Defendant's Motion to Dismiss

The United States moves the court to dismiss the action for lack of subject matter jurisdiction because Oviedo has failed to exhaust her administrative remedies as required by the FTCA. Oviedo filed her administrative claim on February 25, 2009. Dkt. 2-4. The FTCA requires that claimants wait for the earlier of a final denial of the claim in writing or six months after the claim is filed before filing a case against the United States. 28 U.S.C. § 2675(a). Oviedo had not received a denial of her claim when she filed her state court case on her original petition in state court on April 17, 2009—less than two months after filing her administrative claim. Dkts. 2-1 at ¶3, 2-4, 2-5. The United States contends that because the FTCA requires complete exhaustion of administrative remedies before suit may be instituted, the court must consider jurisdiction at the point the suit was filed in state court. Dkt. 2 (citing *McNeil v. United States*, 508 U.S. 106, 112, 113 S. Ct. 1980 (1993)). The court agrees. Accordingly, defendant's motion to dismiss is GRANTED and this case is DISMISSED without prejudice for lack of subject matter jurisdiction.

## III. CONCLUSION

Pending before the court is defendant's motion to substitute and dismiss (Dkt. 2), and plaintiff's motion to reconsider (Dkt. 3). Upon consideration of the motions, the responses, and the applicable law, the plaintiff's motion is DENIED and the defendant's motion to substitute and dismiss is GRANTED. This case is DISMISSED without prejudice for lack of jurisdiction.

It is so ORDERED.

Signed at Houston, Texas on September 11, 2012.

_____
Gray H. Miller
United States District Judge